UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVELYN EDWARDS, ET AL | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *   Civil Action No. 15-30169-MGM |
| COLUMBIA GAS OF MASSACHUSETTS, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS
(Dkt. No. 9)
January 6, 2016

MASTROIANNI, U.S.D.J.

      Following a November 2012 natural gas explosion in Springfield, Massachusetts, Plaintiffs, a group of individuals and businesses who reside in Massachusetts and who were affected by the explosion, filed this suit on October 15, 2015 against Columbia Gas of Massachusetts. (Compl. ¶ 3, Dkt. No. 1.) Defendant subsequently moved to dismiss the complaint, asserting the court lacks subject matter jurisdiction over this matter because it is a Massachusetts corporation with its corporate headquarters located in Massachusetts and the plaintiffs are all residents of Massachusetts. (Mot. Dis. 3, Dkt. No. 10; Aff., Ex. 2, Def.'s Mot. Dis., ¶ 4 Dkt. No. 10-2.) In addition, Defendant informed the court that there is "no proper legal entity known as Columbia Gas of Massachusetts." (Aff., Ex. 2, Def.'s Mot. Dis., ¶¶ 2-3 Dkt. No. 10-2.) Plaintiffs then filed a motion to amend their complaint to correct the name of Defendant and to substitute a Massachusetts address for the Ohio address supplied in the original complaint. Though Plaintiffs received an extension of time through

December 17, 2015 to file their opposition to Defendant's Motion to Dismiss, they filed no opposition.

Federal courts have jurisdiction over suits brought pursuant to state law where there is complete diversity of citizenship between the adversaries and the amount in controversy exceeds a threshold amount of $75,000. 28 U.S.C. § 1332; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Diversity exists "if the plaintiff is a 'citizen' of a different state than all of the defendants." *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A corporation is considered "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* at § 1332(c)(1). When there is a disagreement among the parties with respect to diversity, "the burden of proof is on the plaintiff to support allegations of jurisdiction with competent proof when the allegations are challenged by the defendant." *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir.1982). Plaintiff has not met their burden here. Plaintiffs have identified themselves as residents of Massachusetts and Defendant is both incorporated in Massachusetts and maintains its "nerve center" in Massachusetts. *See Hertz Corp. v. Friend*, 599 U.S. 77, 96 (2010).

Where, as here, the only proffered basis for subject matter jurisdiction is "diversity" pursuant to 28 U.S.C. § 1332 and there is not diversity of citizenship between Defendant and all plaintiffs, and the court must dismiss the action. The court ALLOWS Defendants' Motion to Dismiss. This case may now be closed.

It is So Ordered.

      /s/ Mark G. Mastroianni
      MARK G. MASTROIANNI
      United States District Judge